UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL RAY REED,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV18SNL |
| ) | |
| **LEAR CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's bill of costs (#59), filed February 18, 2008. Plaintiff has filed a response objecting to costs associated with 1) an expedited transcribing of Dr. Anthony Colaneri's deposition; 2) an original and one copy each of the depositions of plaintiff and Dr. Colaneri; 3) "Compressed Page" and "ASCII" transcripts of the depositions of Scott Patsaros and Ron Conrad; and 4) copying of defendant's discovery production. As of today's date, defendant has not replied to the plaintiff's objections.

Upon review of the submitted bill of costs, the court file, the plaintiff's objections, and the relevant caselaw, the Court will strike the costs associated with the expedited transcribing of Dr. Colaneri's deposition, the "Compressed Page" and "ASCII" transcripts of the depositions of Scott Patsaros and Ron Conrad, and the copying of defendant's discovery production; however, the Court will overrule the objections thereto and not strike the costs associated with an original and one (1) copy each of the depositions of the plaintiff and Dr. Colaneri.

As the prevailing party, defendant is entitled to any costs which are taxable under 28 U.S.C. §1920. Costs attributable to deposition transcripts and/or copies of same are taxable as long as they were "necessarily obtained for use in the case"; and not taken merely for discovery or

investigative purposes. Slagenweit v. Slagenweit, 63 F.3d. 719, 721 (8th Cir. 1995); Emmenegger v. Bull Moose Tube Co., 33 F.Supp. 2d. 1127, 1134 (E.D.Mo. 1998); Ryther v. KARE 11, 864 F.Supp. 1525, 1534 (D.Minn. 1994), *aff'd* 84 F.3d. 1074 (8th Cir. 1996), *aff'd on rehearing* 108 F.3d. 832 (8th Cir. 1997); *see also*, Zotos v. Lindbergh School District, 121 F.3d. 356, 363-64 (8th cir. 1997). Although use of a deposition at trial is the best evidence of "necessarily obtained for use in the case", costs may still be awarded in cases wherein deposition testimony was instrumental to a court's ruling on a summary judgment motion. *See*, Bathke v. Casey's General Stores, 64 F.3d. 340, 347 (8th Cir. 1995).

It is this Court's common practice to allow reasonable deposition costs for an original and[1] one (1) copy when deposition testimony was submitted and considered by the Court in reviewing a summary judgment motion, as was done in this case. Thus, costs associated with the original and one (1) copy each of the depositions of plaintiff and Dr. Colaneri will be allowed.

However, the costs associated with a "4 Day Rush" on transcribing Dr. Colaneri's deposition, and costs associated with the "Compressed Page" and "ASCII" transcripts of the depositions of Scott Patsaros and Ron Conrad will not be allowed. Defendant has failed to show why such costs associated with the depositions were "necessarily obtained for use in the case". Since defendant has not demonstrated why extraordinary circumstances necessitated these costs for use of these depositions in the case, such costs are not allowed. Therefore, the Court will strike $80.91 for the "4 Day Rush" of Dr. Colaneri's deposition transcript, and $40.00 for the "Compressed Page" and "ASCII" costs associated with the depositions of Patsaros and Conrad.

---

[1]The Court concurs that it appears that the customary rate charged by Pohlman Reporting Co. is $3.75/page; thus, Dr. Colaneri's deposition costs (not including reporter attendance) should be $348.75 ($3.75 x 93 pgs. = $348.75), a difference of $80.91 for the submitted cost of $429.66.

2

Next, plaintiff objects to the recovery of copying costs in the amount of $129.50 for defendant's discovery production. Copying costs are taxable when necessarily incurred "for use in the case". Thus, photocopying costs for a prevailing party copying it own pleadings and motions for filing with the Court, serving on opposing counsel or transmitting to a client; copying documents to be produced in discover; or copying research materials for convenience of counsel are not taxable. *See*, Emmenegger v. Bull Moose Tube Co., at 1133. Therefore, the photocopying costs of $129.50 will be disallowed.

In conclusion, the Court will disallow the enhanced cost of Dr. Colaneri's deposition transcript due to a "4 Day Rush" and only allow a deposition transcript cost of $348.75.[2] The "Compressed Page" and "ASCII" costs of $40.00 associated with the depositions of Scott Patsaros and Ron Conrad will be disallowed. Therefore, these deposition costs will be taxed at $315.40 ($355.40 - $40.00). The copying costs for defendant's production of discovery in the amount of $129.50 will be disallowed. Finally, the deposition costs (including attendance of court reporter) for the plaintiff and Dr. Colaneri will be allowed in the amounts of $1387.50 and $408.75, respectively. Thus, the total amount of the amended bill of costs is $2217.65.[3]

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's bill of costs (#59), as amended by this Court as set forth above, shall be taxed by the Clerk of the Court in the total amount of $2217.65.

---

[2]The Court notes that the plaintiff's calculations as contained in **Section 2. Copies of Deposition Transcripts** of its response (#61), pg. 2 is incorrect. The original cost of $429.66 minus the expedited delivery cost of $80.91 equals $348.75, not $408.75.

[3]Plaintiff's deposition $1387.50; Dr. Colaneri's deposition $408.75; Patsaros and Conrad depositions $315.40; and Joel Kato deposition $106.00.

Dated this  26th  day of March, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE